UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERHAUYI OMOREGIE,
    *Petitioner*,

v.                                          No. 3:17-cv-00139 (JAM)

WARDEN,
    *Respondent*.

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Erhauyi Omoregie is a federal prison inmate at FCI Danbury. He has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons. He contends that the Bureau of Prisons has wrongfully refused to credit time he spent in detention prior to formally commencing service of his federal sentence. For the reasons explained below, I will grant in part and deny in part the petition for a writ of habeas corpus.

**BACKGROUND**

Petitioner was charged with criminal possession of a weapon in the second degree in violation of New York law on September 10, 2004. Doc. #8-2 at 5. On March 29, 2006, petitioner was sentenced on this charge to seven years of imprisonment and five years of post-release supervision. *Ibid.* The sentence commenced on April 7, 2006, when petitioner was received at the New York Department of Corrections and Community Supervision (NYDOCCS). Doc. #8-3 at 8. Petitioner was granted credit towards his sentence for 574 days of parole jail time for the period between petitioner's arrest on September 10, 2004, and the commencement of his sentence on April 7, 2006. *Ibid.* The original maximum expiration date for the seven-year term of

1

imprisonment was September 7, 2011, and the original maximum expiration date for parole release supervision was September 6, 2016. *Ibid.*

On October 7, 2010, petitioner was conditionally released to supervision after receiving a "good time adjustment" of 11 months. Doc. #8-3 at 9. If he had not had any violations, the maximum expiration date for his parole release supervision would have been October 7, 2015. *Ibid.*

Petitioner was declared delinquent as of November 23, 2012, as a result of obtaining a driver's license without his parole officer's permission and having an absconder as a passenger. Doc. #8-2 at 5; Doc. #8-3 at 8. On December 21, 2012, petitioner's parole was revoked, and he was sentenced to either 12 months of imprisonment or an alternative term of 90 days in a drug treatment program.[1] Doc. #1-2 at 1; Doc. #1-3 at 3; Doc. #8 at 1; Doc. #8-3 at 6. Petitioner returned to the custody of the NYDOCCS as a conditional release violator on January 4, 2013.[2] Doc. #8-3 at 8. His tentative release date was November 23, 2013, which was 12 months after he had been taken into custody for the parole violation. *Ibid.* His maximum expiration date was calculated to be September 9, 2016, which is the same date as his original maximum expiration date for his parole release supervision. *Ibid.*

Petitioner entered the Willard drug treatment program on January 14 or 15, 2013.[3] But he was soon removed from the program on January 24, 2013, and was sent to Downstate

---

[1] The record reflects a handwritten statement of the alternative sentence imposed upon revocation. Doc. #8-3 at 5. Petitioner states that he was sentenced on December 21, 2012. *See* Doc. #8-3 at 4 (listing the "hearing date" as 12/21/12); Doc. #8-3 at 6 (indicating that the revocation and sentencing were held on 12/21/2012). The Warden states that he was sentenced and revoked on January 4, 2013. The evidence in the record indicates that the sentencing date was December 21, 2012, and that petitioner was returned to state prison on January 4, 2013. The discrepancy between these dates is immaterial for the purposes of this ruling.

[2] Prison records show that at the time of his return, petitioner "owed" 11 months of imprisonment and 2 years, 10 months, and 14 days of parole release supervision toward his original sentence. Doc. #8-3 at 6.

[3] Petitioner states that he entered the program on January 14, but the Warden states that he entered the program on January 15. Doc. #8-3 at 2. This one-day discrepancy is immaterial to this ruling.

2

Correctional Facility in order to be transferred to federal custody on a writ of habeas corpus *ad prosequendum* to face conspiracy drug charges in federal court in New York. Doc. #8-3 at 2. For more than two-and-a-half years—from January 28, 2013, until October 29, 2015—plaintiff was housed at the Metropolitan Correctional Center (MCC), a federal administrative prison in New York City, pursuant to this writ. Doc. #8-4 at 2.

In the meantime, on June 9, 2015, petitioner pled guilty to federal criminal drug charges. Doc. #8-5 at 2. He was sentenced for these charges on October 13, 2015, to a prison term of 87 months. Doc. #8-1 at 3.

On October 29, 2015, petitioner was returned to state prison, where he remained for about two more months until December 28, 2015, when he was released by the State on parole but then immediately transferred back to federal custody. Doc. #8-3 at 2, 12; #8-4 at 2. The Bureau of Prisons calculated petitioner's federal prison sentence to begin on December 28, 2015, and it did not give him any credit for the time he had previously spent in state custody or at MCC on the writ of habeas corpus *ad prosequendum*. Doc. #8-1 at 4.

Petitioner requested that the Bureau of Prisons credit his time spent at MCC against his federal sentence of 87 months. This request was denied, and petitioner's appeals were also denied. Petitioner has therefore properly exhausted his administrative remedies before filing this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By means of this petition filed against the Warden of FCI Danbury, petitioner seeks credit for the time period from mid-April of 2013—when he believes he would have successfully completed the Willard drug program and been released on parole—through December 28, 2015.[4]

---

[4] Although petitioner's arguments focus mostly on his time at MCC, the Court understands petitioner's challenge to include not only the time he spent in MCC but also the later time he spent back in state custody from October 29 to December 28, 2015. *See* Doc. #8 at 5-6 (Warden's briefing conceding that petitioner properly exhausted administrative remedies and stating that "[t]he time Petitioner seeks is from April 21, 2013 … through December 28, 2015").

3

## DISCUSSION

Pursuant to 28 U.S.C. § 2241, a prisoner may challenge the manner in which the Bureau of Prisons executes a sentence, including to challenge how the BOP has computed the start date and length of a sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). A federal criminal defendant's sentence formally "commences" when he is received into custody at the official detention facility at which his sentence is to be served. *See* 18 U.S.C. § 3585(a). A defendant, however, may sometimes receive credit for time that he has previously served in detention prior to the formal commencement of his federal criminal sentence. If any such earlier detention "has not been credited against another sentence," a defendant shall receive credit for time that he has previously spent in official detention "as a result of the offense for which the [current federal] sentence was imposed," or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). In short, a "defendant has no right to credit on his federal sentence for time that has been credited against [a] prior state sentence." *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998).

This case involves a prisoner's claim that he should have received credit toward his federal sentence for prior time that he spent in federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. This type of writ "orders the production of a prisoner in court for the purpose of standing trial." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015) (*per curiam*). "If a prisoner is serving a state sentence when he is produced for a federal prosecution, the writ temporarily transfers him to federal custody for prosecution but the state retains primary custody for the purpose of calculating his state sentence." *Id.* at 854–55.

Just because a prisoner has previously spent time in federal custody pursuant to a writ of habeas corpus *ad prosequendum* does not mean that this time will be credited to his federal

4

sentence. To the contrary, "[i]t is well-established in the Second Circuit that if an inmate is in state custody when he or she is transferred to temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum*, the inmate remains the subject of the state's jurisdiction during the time spent in temporary federal custody and, if the inmate receives credit for that time toward the state sentence, the inmate may not also receive credit for that time toward a later federal sentence." *Ramos v. United States*, 2017 WL 384024, at *2 (D. Conn. 2017). Moreover, "[t]he Second Circuit has held that the BOP cannot credit a prisoner for time served following his conditional release date on a state sentence for violation of parole even though the prisoner might have been released earlier on his state sentence if he had not been transferred to federal custody on a writ of habeas corpus *ad prosequendum*." *Stinson v. Williams*, 2017 WL 2126592, at *3 (D. Conn. 2017) (citing *United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001)).

The Warden asserts that the "period of time between April 21, 2013 and December 28, 2015, . . . has been credited on his NYS Parole Violation sentence and cannot be double counted onto his federal sentence which had yet to begin." Doc. #8 at 6. But other than a conclusory statement to this effect from a BOP official (Doc. #8-11 at 4 (¶ 11)), the Court can find nothing in the record to show that all of this time was served pursuant to any state court sentence.

The Warden has provided a series of somewhat cryptic data sheets from the NYDOCCS relating to the calculation of petitioner's state sentence. These data sheets reflect the original computation of petitioner's sentence when he was first incarcerated, a re-computation upon his release to parole in 2010, and a re-computation upon his return to prison after his parole was revoked in 2013. Doc. #8-3 at 9 ("Legal Date Computation" sheet performed on 10/01/2010 shortly before petitioner's release on parole); Doc. #8-3 at 8 ("Legal Date Computation" sheet performed on 1/8/2013 after parole revocation). Notably absent from the records is a computation

*after* plaintiff was returned to state custody from federal custody in October of 2015.[5] Such a record would show whether the NYDOCCS actually credited petitioner's time in federal custody at MCC toward his state sentence.

Moreover, it is unclear how the New York authorities could have credited all the time petitioner spent at MCC toward his state sentence. As noted above, it is undisputed that petitioner was sentenced upon revocation of his parole to a term of 12 months of imprisonment or to an alternative term of 90 days of a drug treatment program. Even assuming petitioner would not have completed the drug treatment program and instead would have served the full 12 months of imprisonment, petitioner would have been released from imprisonment on November 23, 2013. Doc. #8-3 at 20 ("Legal Date Computation" data sheet dated January 8, 2013, and reflecting "tentative release date" of November 23, 2013). Petitioner was sentenced solely to a term of 12 months imprisonment upon revocation, and the record before me does not show any basis for the State of New York to have continued petitioner's imprisonment beyond November 23, 2013.

In light of my concern that the confusing collection of New York data sheet records did not establish a basis for petitioner's continuing imprisonment beyond November 23, 2013, I entered an order to show cause stating that "the Court cannot determine whether New York has credited this time towards petitioner's state sentence based on the records submitted" and requiring the Warden to explain "with specificity how the state records in evidence demonstrate that New York credited this time toward plaintiff's state sentence." Doc. #10. The Warden's response was not helpful, because it did not shed light on the records in evidence or show any

---

[5] This stands in contrast to other similar cases in which a court denied a similar writ of habeas corpus based on state calculations of sentences that clearly credit the petitioner for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum*. *See Curtis v. Billingsley*, 2017 WL 1103005, at *2 n.4 (S.D.N.Y. 2017).

grounds for petitioner's state court sentence of imprisonment to have extended beyond November 23, 2013. Doc. #11.

Although a New York official has claimed that "Omoregie's sentence with New York State expired on 9/06/16" and that "[a]s of that date, DOCCS has no holds and/or further interest in him," Doc. #11 at 3, this statement does not explain any basis for the State to have continued petitioner's *imprisonment* until September 6, 2016, as distinct from a sentence that includes continuing parole supervision status. Accordingly, in the absence of an adequate showing for petitioner's continued state imprisonment beyond November 23, 2013, I conclude that petitioner should have received 765 days of credit for his time in both federal and state custody from November 23, 2013, to December 28, 2015.

Petitioner further argues that the Bureau of Prisons should have credited him since the time in April 2013 that he would have completed the 90-day Willard drug treatment program. This claim is based on petitioner's belief that he would have been granted an early release in April 2013 upon successful completion of the 90-day drug program. I don't agree with this argument, because it is speculative whether he would have successfully completed the program, and the Bureau of Prisons is not required to grant credit against a federal sentence based on speculation that a prisoner would have been released early from state custody but for a federal writ habeas corpus *ad prosequendum*. *See Curtis v. Billingsley*, 2017 WL 1103005, at *6 n.5 (S.D.N.Y. 2017) (citing cases for the proposition that a federal prisoner does not get credit for time in detention even though he might have been discharged earlier on the state sentence). Therefore, I conclude that petitioner is not entitled to credit for the time when he might have been released from the drug treatment program in April 2013 to November 23, 2013, which is the date that his alternative 12-month revocation sentence of imprisonment expired.

**CONCLUSION**

Petitioner's petition for a writ of habeas corpus (Doc. #1) is GRANTED in part and DENIED in part. It is GRANTED to the extent that the Bureau of Prisons shall grant petitioner 765 days of credit toward his federal sentence from November 23, 2013, to December 28, 2015. It is DENIED to the extent that petitioner seeks credit for detention prior to November 23, 2013.

It is so ordered.

Dated at New Haven this 16th day of July 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge